**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

VICKI BRECK and
GREGORY DOUGLAS BRECK,

        Plaintiffs,

v.                                      Case No. 3:18-cv-1173-J-34MCR

DAVOL, INC. and C.R. BARD, INC.,

        Defendants.

_____/

# O R D E R

      **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. <u>See</u> <u>Kirkland v. Midland Mortgage Co.</u>, 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  <u>See</u> <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua</u> <u>sponte</u> whenever it may be lacking.").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  <u>Baltin v. Alaron Trading, Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997).

Plaintiffs initiated the instant action on October 2, 2018, by filing a nine-count Complaint (Doc. 1; Complaint) against Defendants Davol, Inc. (Davol) and C.R. Bard, Inc. (Bard).  Plaintiffs allege that "[t]his Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) based on complete diversity of citizenship between Plaintiffs Vicki Breck and Gregory Douglas Breck and Defendants."  Complaint at 2-3.  Plaintiffs further allege that "[t]he amount in controversy exceeds $75,000."  Id. at 3.  For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  Univ. of S. Ala., 168 F.3d at 412.  Upon review of the allegations in the Complaint, however, the Court is unable to determine the citizenship of Bard.  Plaintiffs allege that they are "citizens and residents of Nassau County, State of Florida," and that Davol "is a corporation that is incorporated under the laws of the State of Rhode Island" with "its principal place of business in the State of Rhode Island."  Complaint at 1-2.  Plaintiffs allege that Bard "is a corporation that is incorporated under the laws of the State of New Jersey.  It is the corporate parent/stockholder of Davol . . . .  Bard at all times relevant did substantial and continuous business in the State of Florida."  Id. at 2.  These allegations are insufficient to demonstrate Bard's citizenship.

"The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'"  Hertz Corp. v. Friend, 130 S. Ct. 1181, 1185 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis removed).  Accordingly, the allegation that Bard "is a corporation that is incorporated under the laws of the State of New Jersey"

2

is insufficient to disclose Bard's citizenship—indeed, it does not disclose Bard's principal place of business.[1]  See Hertz, 130 S. Ct. at 1185.

In light of the foregoing, the Court will give Plaintiffs an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over this action.[2]

Accordingly, it is **ORDERED**:

Plaintiffs shall have up to and including **October 17, 2018**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida on October 3, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc23
Copies to:
Counsel of Record

---

[1] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases.  See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1315-1317 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1221-1222, 1228 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law.  No party in this case acted with bad intentions, but the result was a colossal waste of time and effort.  We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants.  In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction.  We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met.  See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

3